FILED
OCT 11 2016
AT_____
ROBERT N. TRGOVICH, CLERK
U.S. DISTRICT COURT
NORTHERN DISTRICT OF INDIANA

IN THE UNITED STATES DISTRIC COURT
FOR THE NORTHERN DISTRICT OF INDIANA
LAFAYETTE DIVISION

ANTHONY G. TAYLOR,

 Plaintiff,

V.

J P MORGAN CHASE,
CHASE HOME FINANCE

 Defendant,

Civil Action No.4:16-cv-00052-JTM-JEM

Honorable Judge James T. Moody
Honorable Judge John E. Martin

### PLAINTIFF'S MOTION TO STRIKE DEFENDANTS AFFIRMATIVE DEFENSES

Plaintiff, Anthony G. Taylor, Pro Se', hereby moves this honorable court pursuant to Fed. R. 12 f., to strike Defendant's Affirmative Defenses that were filed together with its Amended Answer, and in support state the following:

#### Background

1. On June 3, 2016, Plaintiff filed his complaint by certified mail dated June 3, 2016 in the Tippecanoe County Superior Court 1, alleging breach of contract/breach of duty of good faith and fair dealing and promissory estoppel related to Defendants failure to modify his loan as it promised. The promises made by Defendant were contained in written documents consisting of a cover letter and an integrated written Trial Period Plan. that were sent by the Defendant to the Plaintiff.

2. On or about July 5, 2016, the Defendant moved this action from the Tippecanoe County Superior Court 1 to this Court. See Dkt. No. 1, Notice of Removal.

3. On or about July 8,2016, the Defendant filed Its Motion for an Extension of Time which was granted to and including August 9,2016.

4. On or about August 9 the Defendant filed its answer to Plaintiff's Complaint.

5. On or about September 21, 2016, the Defendant, by counsel, filed its Motion for Leave together with its Amended Answer and Affirmative Defenses.

## Legal Argument

Federal Rule 8 d (1) states the following: "*IN GENERAL, EACH AND EVERY ALLEGATION MUST BE SIMPLE CONCISE, and DIRECT*". Further, Federal Rule 8 c (1) states that "*IN A PLEADING, A PARTY MUST AFFIRMATIVELY STATE ANY AVOIDANCE OR AFFIRMATIVE DEFENSE* including: accord and satisfaction, arbitration and award, assumption of risk, contributory negligence, duress, estoppel, failure of consideration, fraud, illegality, injury by fellow servant, latches, license, payment, release, res judicata, statute of frauds, statute of limitations, and waiver. Defendant's Affirmative Defenses do not even meet the minimum bar as required by Federal Rules. (emphasis added)

Defendant's Affirmative Defenses B, G, H, M, N, O, each specifically state may. In addition, the first paragraph of the Affirmative Defenses reads as follows; "Chase may rely upon some or all of the following affirmative defenses as may prove applicable after discovery and at trial." (emphasis added) There is nothing affirmative about the Defendant's Affirmative Defenses. The Defendant has done nothing more than stated a laundry list of maybe's. As stated in paragraph 1, the rule requires that a party affirmatively state an affirmative defense. The rules of pleading affirmative defenses are akin to pleading the complaint and are for several purposes. One is to establish the merits of the issues. Another is to prevent a trial by ambush. As well as the forgoing, the pleadings establish the issues so that the parties my tailor their discovery accordingly. The Defendant simply stating that a list of fifteen purported affirmative defenses that they may assert in no way conforms to requirements or the purpose of the rules of pleading. Discovery is expensive and especially with a Defendant the size of Chase. The Plaintiff should not have to conduct discovery based on speculative affirmative defenses. The

Defendant has also not laid out any set of relevant facts to support each of its affirmative defense maybe's. Accordingly, the Defendant's Affirmative Defenses in its Amended Answer should be stricken.

Defendant's states in paragraphs (A) (D)and (E) of its Affirmative Defenses "Plaintiff's Complaint in whole or in part fails to state a claim against Chase upon which relief can be granted.", "Plaintiff's claims for damages are barred, in whole or in part, because the alleged damages, if any, are speculative, uncertain, and impossible to ascertain and because some or all of the damages claimed by the Plaintiff are not recoverable under applicable law." and "Plaintiff fails to allege any cognizable damages resulting from Chase's alleged acts and/or inactions." respectively. Defendant's statements are not affirmative defenses they are negative defenses. Affirmative defenses accept as true the Complaint and don't attack the complaint. As such, they should be stricken. In paragraphs K and L of Defendant's Affirmative Defenses, Defendant states two facts, albeit erroneous, but they in and of themselves are not affirmative defenses. Furthermore, Judge Stearns ruled in Durmic, (210WL4825632), against Chase's motion to Dismiss, and found that the Trial Period Plan standing along was an enforceable contract supported by consideration. In the case at bar, an additional document that is integrated with the Trial Period Plan is a part of the party's agreement. Notwithstanding those facts, the Defendant's statements are not affirmative defense nor are they in support of one.

In conclusion, Defendants Affirmative Defenses do not come close to the standard set forth in the Fed. Rules 8d (1) or 8c (1). The Defendant's Affirmative Defense Pleading also falls very short of the Twombly standard. (550US at 555). It should meet the plausibility test and it doesn't.

WHEREFORE, the Plaintiff, Anthony G. Taylor, Pro Se' Respectfully request that this honorable court pursuant to Fed. R12 f, strike Defendants Affirmative Defense Pleading and for all other just and proper relief.

October 6, 2016

Respectfully Submitted,

Anthony G. Taylor

CERTIFICATE OF SERVICE

I hereby certify that a true and complete copy of the foregoing Motion to Strike was served on counsel for the Defendant Jordan Huttenlocker by First Class U S Mail this 6th day of October 2016.

Jordan Huttenlocker
Dykema Gosset PLLC
10 South Wacker Dr.
Chicago, IL 60606

Anthony G. Taylor
1212 South 21st Street
Lafayette, IN 47905
(765) 413 1095

Taylor
1212 S. 21St
Lafayette IN
47905

Office of The Clerk
US District Court
230 N 4th St
#214
Lafayette IN
47901



