**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF INDIANA**
**LAFAYETTE DIVISION**

| | |
|---|---|
| ANTHONY G. TAYLOR,<br><br>  Plaintiff,<br><br>  v.<br><br>J P MORGAN CHASE,<br>CHASE HOME FINANCE<br><br>  Defendant. | Civil Action No. 4:16-cv-00052-JTM-JEM<br><br>Honorable Judge James T. Moody<br>Magistrate Judge John E. Martin |

## DEFENDANT'S REPLY IN SUPPORT OF ITS MOTION FOR LEAVE TO FILE FIRST AMENDED ANSWER AND AFFIRMATIVE DEFENSES

JPMorgan Chase Bank, N.A., ("Chase"), incorrectly sued here as J P Morgan Chase and Chase Home Finance, by and through its attorneys, Dykema Gossett PLLC, and in support of its Motion for Leave to File a First Amended Answer and Affirmative Defenses pursuant to Fed. R. Civ. P. 15(a), states as follows:

### Procedural History

Chase filed its Motion for Leave to File a First Amended Answer and Affirmative Defenses ("Motion for Leave") on September 21, 2016. *See* Doc. No. 13. Before the Court ruled on the Motion for Leave, Plaintiff filed a Motion to Strike Chase's Affirmative Defenses. *See* Doc. No. 18. On October 12, 2016, the Court, *sua sponte*, struck Plaintiff's Motion to Strike, and designated Plaintiff's Second Motion to Strike as a Response to Chase's Motion for Leave. *See* Doc. No. 19. The Court granted Chase leave to file a Reply. *Id.* Chase now files a Reply in Support of its Motion for Leave.

**Argument**

Chase's Motion for Leave should be granted.  It remains undisputed that under Fed. R. Civ. P. 15(a), a court "should freely give leave when justice so requires" and that leave should be granted in the absence of a good reason to the contrary.  *Foman v. Davis,* 371 U.S. 178, 182 (1962).  Plaintiff's response to Chase's Motion for Leave is devoid of any such argument, including any argument that the particularized exceptions, such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc., are present.  *Id.*  This is because none of the particularized exceptions apply here.  Specifically, there is no undue delay, bad faith, dilatory motive, or undue prejudice by virtue of allowing the amendment, especially considering that discovery has not even commenced, there has been no Fed. R. Civ. P. 26(f) conference, no Fed. R. Civ. P. 16 scheduling conference has been set, no scheduling order has been entered to date setting forth a discovery deadline.  In addition, the proposed affirmative defenses are not futile but are a result of Chase's continued investigation of Plaintiff's allegations.  All of which Plaintiff will have ample opportunity to conduct discovery on Chase's proposed First Amended Answer and Affirmative Defenses.

Rather than addressing the standard for granting leave to amend, Plaintiff's response challenges Chase's proposed affirmative defense themselves, requesting that they be stricken.  However, Plaintiff ignores the applicable law in this jurisdiction.  Motions to strike are generally disfavored and are stricken "only when they are insufficient on the face of the pleadings." *Cottle v. Falcon Holdings Mgmt., LLC*, 2012 U.S. Dist. LEXIS 10478, at *2 (N.D. Ind. Jan. 30, 2012) (internal quotations omitted).  Contrary to Plaintiff's argument (at p. 3), this jurisdiction has

2

declined to apply the "plausibility standard of *Iqbal* and *Twombly*" to affirmative defenses. *Cottle,* U.S. Dist. LEXIS 10478 at *5 (N.D. Ind. Jan. 30, 2012) (citations omitted). The *Cottle* court reasoned that "requiring a more detailed factual pleading of affirmative defenses than is already required would likely shift the nature of federal civil practice and may increase motion practice related to affirmative defenses." *Id.* (citations omitted). In *Cottle,* the court ultimately declined to strike several affirmative defenses because the affirmative defenses were premised on the plaintiff's own allegations contained in her complaint and the details supporting the affirmative defense could be developed through discovery. *Id.* at *15-16.

Notwithstanding the fact that the liberal standard for granting leave to amend has been met, *supra*, Chase's proposed affirmative defenses are properly pled. Indeed, Chase's proposed affirmative defenses put Plaintiff on notice of its defenses (*see* Ex. A to Motion for Leave), are based on Plaintiff's allegations contained in the Complaint, including that Plaintiff failed to comply with Home Affordable Modification Trial Period Plan (*see* Doc. No. 2, at ¶¶ 14, 27; *see also* Exhibit A to Plaintiff's Complaint); that Plaintiff's claims are barred by *res judicata* or collateral estoppel as he was involved in a prior settlement and lawsuit regarding HAMP modifications (*see Id.* at ¶¶ 43, 55); that Plaintiff's claims are barred by applicable statute of limitations as they arise from allegations stemming from 2009-2010 (*see Id.* at ¶¶ 10, 37); that Plaintiff's claims are barred by his failure to mitigate his damages and/or were caused by his own omissions, actions, and/or inaction (*see Id.* at ¶¶27, 65, and conclusion alleging Plaintiff suffered $548,000 in damages), and may be developed through the course of discovery.

Considering the liberal standard and policy favoring the amendment of a pleading, Chase's Motion for Leave should be granted.

3

WHEREFORE, Chase respectfully requests that this Court grant its Motion For Leave, enter an order allowing Chase to file the proposed First Amended Answer and Affirmative Defenses attached as Ex. A to Chase's Motion For Leave, and grant any other relief that this Court deems just and appropriate.

Dated:  October 18, 2016

Respectfully submitted,

**JPMORGAN CHASE BANK, NA**

By: s/ Jordan S. Huttenlocker

Jordan S. Huttenlocker
*jhuttenlocker@dykema.com*
Dykema Gossett PLLC
10 South Wacker Drive
Suite 2300
Chicago, IL 60606
Telephone:  (312) 627-2281
Fax:  (866) 804-1181

4

**CERTIFICATE OF SERVICE**

I certify that the foregoing was served on the following by the Court's ECF system and via U.S. Mail on this 18th day of October, 2016.

Anthony G. Taylor
1212 South 21st Street
Lafayette, IN 47905

s/ Jordan S. Huttenlocker

DYKEMA GOSSETT•A PROFESSIONAL LIMITED LIABILITY COMPANY•10 S. WACKER DRIVE, SUITE 2300•CHICAGO, ILLINOIS 60606