UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION AT LAFAYETTE

| | |
|---|---|
| ANTHONY G. TAYLOR, )<br>    Plaintiff, )<br> )<br>v. )<br> )<br>J P MORGAN CHASE, CHASE HOME )<br>FINANCE, )<br>    Defendant. ) | CAUSE NO.: 4:16-CV-52-PPS-JEM |

**OPINION AND ORDER**

This matter is before the Court on Defendant's Motion for Leave to File First Amended Answer and Affirmative Defenses [DE 13], filed by Defendant on September 21, 2016. Plaintiff has responded by filing a Motion to Strike [DE 18], which the Court has construed as a Response to Defendant's Motion. *See* DE 19. Defendants have replied [DE 20].

**I.     Background**

Plaintiff sued Defendant in state court, alleging breach of contract and breach of the duty of good faith and fair dealing. Plaintiff says that, after Defendant offered him a trial modification to his mortgage payment plan under the federal Home Affordable Modification Program (HAMP), Defendant breached its agreement to convert the trial modification into a permanent modification.

Defendant removed the case to federal court and filed an answer to the complaint. Defendant now asks for leave to file an amended answer that contains affirmative defenses not contained in Defendant's initial answer. Plaintiff objects on the ground that the proposed affirmative defenses do not comply with the Federal Rules of Civil Procedure.

**II.    Analysis**

A party may amend a pleading with the Court's leave, and the Court "should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). The decision to grant or deny a motion to

amend lies within the Court's sound discretion, but leave to amend is "inappropriate where there is undue delay, bad faith, dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, or futility of the amendment." *Villa v. City of Chicago*, 924 F.2d 629, 632 (7th Cir. 1991); *Campbell v. Ingersoll Milling Mach. Co.*, 893 F.2d 925, 927 (7th Cir. 1990).

Here, Plaintiff does not argue that he will suffer prejudice if Defendant is allowed to amend its affirmative defenses. Nor does Plaintiff allege any undue delay, bad faith, or dilatory motive by Defendant, and Defendant has not repeatedly failed to cure deficiencies in its affirmative defenses. The only question, then, is whether the proposed affirmative defenses are futile. Plaintiff says the proposed affirmative defenses *are* futile, because they do not meet the Federal Rules of Civil Procedure's pleading requirements. *See Heller Fin., Inc. v. Midwhey Powder Co.*, 883 F.2d 1286, 1294 (7th Cir. 1989) (affirmative defenses are pleadings and are therefore subject to the Federal Rules of Civil Procedure's pleading requirements).

The familiar pleading requirements for a *complaint* come from *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007), and *Ashcroft v. Iqbal*, 556 U.S. 662 (2009). To satisfy *Twombly* and *Iqbal* and survive a Rule 12(b)(6) motion to dismiss, a complaint must provide "a short and plain statement of the claim showing that the pleader is entitled to relief," *see* Fed. R. Civ. P. 8(a)(2), and "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570).

But district courts are divided on the question of whether an *affirmative defense* must comply with *Twombly* and *Iqbal*'s heightened pleading standard. *See Cottle v. Falcon Holdings Mgmt., LLC*, No. 11-95, 2012 U.S. Dist. LEXIS 10478, *3-4 (N.D. Ind. Jan. 30, 2012) (collecting cases on both

2

sides); *Husainy v. Allied Collection Serv., Inc.*, No. 15-95, 2016 U.S. Dist. LEXIS 54073, *2 (N.D. Ind. Apr. 22, 2016) ("The Seventh Circuit Court of Appeals has not yet decided whether the pleading standard for a complaint set forth in [*Twombly* and *Iqbal*] applies to . . . affirmative defenses.").

Some courts have held that *Twombly* and *Iqbal* do apply to affirmative defenses. *See, e.g., HCRI TRS Aquirer, LLC v. Iwer*, 708 F. Supp. 2d 687, 691 (N.D. Ohio 2010) ("the pleading requirements for affirmative defenses are the same as for claims of relief"); *Barnes v. AT&T Pension Benefit Plan*, 718 F. Supp. 2d 1167, 1171 (N.D. Cal. 2010) ("the vast majority of courts . . . have extended *Twombly*'s heightened pleading standard to affirmative defenses") (collecting cases).

But courts in the Northern District of Indiana have generally held that an affirmative defense need not satisfy *Twombly* and *Iqbal*. *See Cottle*, 2012 U.S. Dist. LEXIS 10478 at *5 ("This Court agrees with those cases declining to apply the 'plausibility' standard of *Iqbal* and *Twombly* to affirmative defenses."); *Fletcher v. Hoeppner Wagner & Evans, LLP*, No. 14-231, 2015 U.S. Dist. LEXIS 153057, *19 (N.D. Ind. Nov. 12, 2015) ("the Court declines to apply to affirmative defenses the plausibility standard applied in *Iqbal* and *Twombly*"); *Husainy*, 2016 U.S. Dist. LEXIS 54073 at *2 ("This Court continues to agree with those cases declining to apply . . . *Iqbal* and *Twombly* to affirmative defenses.").

Under this view, an affirmative defense need not satisfy *Twombly* and *Iqbal*'s plausibility standard, but the affirmative defense must still contain a "short and plain statement" of the defense itself. *Heller Fin., Inc. v. Midwhey Powder Co.*, 883 F.2d 1286, 1294 (7th Cir. 1989). Affirmative defenses must be stricken if they contain "nothing but bare bones conclusory allegations" without "*any* short and plain statement of facts." *Id*. at 1295 (emphasis added). In essence, an affirmative

3

defense must "be adequately pled to put a plaintiff on notice of the defense." *Cottle*, 2012 U.S. Dist. LEXIS 10478 at *12; *Design Basics, LLC v. Windsor Homes, Inc.*, No. 16-51, 2016 U.S. Dist. LEXIS 91910, *8 (N.D. Ind. July 14, 2016) (denying motion to strike affirmative defenses because the affirmative defenses were stated "in short and plain terms" and "sufficiently put [the plaintiff] on notice of the affirmative defenses"); *accord Bielfeldt v. Bourazak*, No. 15-1419, 2016 U.S. Dist. LEXIS 46986, *6 (C.D. Ill. Apr. 7, 2016) ("Federal Rule of Civil Procedure 8 requires for affirmative defenses, at a minimum, fair notice of a party's defense.").

Here, Plaintiff argues that proposed affirmative defenses **B**, **G**, **H**, **M**, **N**, and **O** use the word "may" and are consequently not "affirmative" but are rather "a laundry list of maybes." For example, proposed affirmative defense **B** asserts that Plaintiff's claims "may be barred by his failure to mitigate damages." The Court agrees. Affirmative defenses must be stricken if they present merely "bare bones" or "conclusory" allegations, and the proposed affirmative defenses at issue are not even conclusory, as Defendant proposes to plead that Plaintiff's claims "may" be barred for various reasons—not that the claims *are* barred. So the Court finds that allowing Defendant to plead these affirmative defenses would be futile.

Plaintiff further argues that *all* of Defendant's proposed affirmative defenses are improper because they are preceded by the statement that Defendant "may" rely upon some or all of the listed affirmative defenses. But the Court sees no problem with this sentence. Though the introductory sentence uses the word "may," the significance of the word is merely that Defendant may or may not actually seek to use every one of the listed affirmative defenses after discovery or at trial. The purpose of requiring parties to plead their affirmative defenses is to put the opposing party on notice, and the introductory sentence adequately serves that purpose.

Plaintiff also argues that proposed affirmative defenses **A**, **D**, **E**, **K**, and **L** are not actually affirmative defenses. The Court agrees, for the reasons below.

Defendant's proposed affirmative defense **A** asserts that "Plaintiff's Complaint in whole or in part fails to state a claim against [Defendant] upon which relief can be granted." But this is not a proper affirmative defense; it is a "recitation of the standard for a motion to dismiss." *Tome Engenharia E Transportes v. Malki*, No. 94-7427, 1996 U.S. Dist. LEXIS 4585, *29 (N.D. Ill. Apr. 9, 1996); *Joe Hand Promotions, Inc. v. Kurti*, No. 14-1277, 2015 U.S. Dist. LEXIS 120170, *2 (C.D. Cal. Sept. 8, 2015) ("[F]ailure to state a claim[] is not an affirmative defense. . . . [It] is more properly brought as part of a Rule 12(b)(6) motion.").

Defendant's proposed affirmative defenses **D** and **E** assert that Plaintiff's damages are speculative, uncertain, impossible to ascertain, unrecoverable, or not cognizable. But asserting that a plaintiff's claimed damages are speculative, vague, or even non-existent does not constitute an affirmative defense. *Manley v. Boat/U.S. Inc.*, No. 13-5551, 2016 U.S. Dist. LEXIS 41036, *14 (N.D. Ill. Mar. 29, 2016) ("simply accusing [a plaintiff] of pleading vague and speculative damages does not state an affirmative defense"); *Varrasso v. Barksdale*, No. 13-1982, 2016 U.S. Dist. LEXIS 46686, *7-8 (S.D. Cal. Apr. 5, 2016) (affirmative defense that plaintiffs' damages are "speculative or nonexistent . . . are simply allegations that Plaintiffs did not meet their burden of proof . . . [so] they are not affirmative defenses"); *Joe Hand Promotions, Inc. v. Kurti*, No. 14-1277, 2015 U.S. Dist. LEXIS 120170, *2 (C.D. Cal. Sept. 8, 2015) ("speculative damages[] is a defense to damages, not an affirmative defense") As for the contention that Plaintiff's damages are unrecoverable, Defendant must state in plain terms the reason why it believes the damages are unrecoverable, in order to put Plaintiff on notice. *See IPSCO Tubulars, Inc. v. Ajax TOCCO Magnethermic Corp.*, No.

5

10-21, 2015 U.S. Dist. LEXIS 158756, *5 (E.D. Ark. Nov. 24, 2015) (defendant had burden of proving its affirmative defense that plaintiff's damages were unrecoverable under Section 12.1 of the parties' contract).

Defendant's proposed affirmative defense **K** asserts that there is "no private cause of action under HAMP." But Plaintiff has not pleaded a "private cause of action under HAMP." Rather, Plaintiff has sued Defendant for breach of contract and breach of the duty of good faith and fair dealing.

Finally, Defendant's proposed affirmative defense **L** asserts that the trial modification plan did not constitute an enforceable contract or agreement. But this is a matter that Plaintiff himself must prove, not an affirmative defense upon which Defendant has the burden of proof. *See, e.g., Dynasty Apparel Indus. v. Rentz*, 206 F.R.D. 603, 606 (S.D. Ohio 2002) (in breach of contract case, "there [wa]s no contract between the parties" does not constitute an affirmative defense).

Because Defendant's proposed affirmative defenses **A**, **D**, **E**, **K**, and **L** are not proper affirmative defenses, it would be futile to let Defendant plead them.

**III. Conclusion**

For the reasons above, the Court **DENIES** Defendant's Motion for Leave to File First Amended Answer and Affirmative Defenses [DE 13], **with leave to re-file** a renewed motion on or before **November 21, 2016**.

SO ORDERED this 7th day of November, 2016.

            s/ John E. Martin
            MAGISTRATE JUDGE JOHN E. MARTIN
            UNITED STATES DISTRICT COURT

cc: All counsel of record
   Plaintiff, *pro se*