**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION AT LAFAYETTE**

| | |
|---|---|
| ANTHONY G. TAYLOR, )<br>    Plaintiff, )<br>)<br>v. )<br>)<br>J P MORGAN CHASE, CHASE HOME )<br>FINANCE, )<br>    Defendant. ) | CAUSE NO.: 4:16-CV-52-PPS-JEM |

**OPINION AND ORDER**

This matter is before the Court on Defendant's Renewed Motion for Leave to File First Amended Answer and Affirmative Defenses [DE 23], filed by Defendant on November 21, 2016. Plaintiff has responded, and Defendant has replied.

**I.  Background**

Plaintiff sued Defendant in state court, alleging breach of contract and breach of the duty of good faith and fair dealing. Plaintiff says that, after Defendant offered him a trial modification to his mortgage payment plan under the federal Home Affordable Modification Program (HAMP), Defendant breached its agreement to convert the trial modification into a permanent modification.

Defendant removed the case to federal court and filed an answer to the complaint. Defendant later asked for leave to file an amended answer with affirmative defenses that were not included in Defendant's initial answer. Plaintiff objected, and the Court denied Defendant's motion on the ground that allowing Defendant to plead 11 of the 15 proposed affirmative defenses would be futile. *See Villa v. City of Chicago*, 924 F.2d 629, 632 (7th Cir. 1991). Defendant now has revised its proposed affirmative defenses and again seeks leave to file an amended answer.

## II. Analysis

A party may amend a pleading with the Court's leave, and the Court "should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). The decision to grant or deny a motion to amend lies within the Court's sound discretion, but leave to amend is "inappropriate where there is undue delay, bad faith, dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, or futility of the amendment." *Villa*, 924 F.2d at 632; *Campbell v. Ingersoll Milling Mach. Co.*, 893 F.2d 925, 927 (7th Cir. 1990), *cert. denied*, 498 U.S. 844.

As with Defendant's previous attempt to file amended affirmative defenses, Plaintiff does not argue that the proposed amended affirmative defenses will cause prejudice or undue delay, and he does not allege bad faith or dilatory motive by Defendant. Nor has Defendant repeatedly failed to cure deficiencies in its affirmative defenses. So the only question, as last time, is whether the proposed affirmative defenses are futile.

Plaintiff says that Defendant's revised proposed affirmative defenses are once again futile. In Plaintiff's view, Defendant improperly seeks to "take a second bite of the apple" by rewording the affirmative defenses from the previous motion and presenting them in a different sequence. But the Court expressly invited Defendant to file a renewed motion attaching a proposed amended answer that corrects the improper affirmative defenses from its first effort—*see* DE 22 ("the Court DENIES Defendant's Motion . . . with leave to re-file a renewed motion")—and that is precisely what Defendant has done. The new proposed affirmative defenses are "reworded," yes, but in such a way that they now adequately address the deficiencies that the Court had identified.

For example, Defendant previously asserted that "Plaintiff's claims may be barred by his failure to mitigate damages, if any," and the Court found this affirmative defense to be, at best, improperly conclusory. But now Defendant's proposed failure-to-mitigate affirmative defense elaborates by asserting that Plaintiff "failed to comply with the terms of the subject loan documents" by "not attempt[ing] to sell the subject property or obtain a new mortgage loan." This expanded language constitutes an appropriately "short and plain statement" of the affirmative defense and adequately puts Plaintiff on notice of the defense. *Heller Fin., Inc. v. Midwhey Powder Co.*, 883 F.2d 1286, 1294 (7th Cir. 1989) (affirmative defense must contain "short and plain statement" of the defense); *Cottle v. Falcon Holdings Mgmt., LLC*, No. 11-95, 2012 U.S. Dist. LEXIS 10478, *12 (N.D. Ind. Jan. 30, 2012) (affirmative defense must "be adequately pled to put a plaintiff on notice of the defense"); *Design Basics, LLC v. Windsor Homes, Inc.*, No. 16-51, 2016 U.S. Dist. LEXIS 91910, *8 (N.D. Ind. July 14, 2016) (denying motion to strike affirmative defenses because the affirmative defenses were stated "in short and plain terms" and "sufficiently put [the plaintiff] on notice of the affirmative defense[s]"); *accord Bielfeldt v. Bourazak*, No. 15-1419, 2016 U.S. Dist. LEXIS 46986, *6 (C.D. Ill. Apr. 7, 2016) ("Federal Rule of Civil Procedure 8 requires for affirmative defenses, at a minimum, fair notice of a party's defense."). The same is true of Defendant's other revised proposed affirmative defenses, all of which provide sufficient additional detail to put Plaintiff on adequate notice.

Plaintiff also attacks proposed affirmative defenses **B**, **D**, and **G** on the merits. But the time for litigating the merits of Defendant's proposed affirmative defenses will come later. *Foman v. Davis*, 371 U.S. 178, 182 (1962) (litigants "ought to be afforded an opportunity to test [their] claim[s] on the merits"); *Kirsch v. Brighstar Corp.*, No. 12-6966, 2014 U.S. Dist. LEXIS 146641,

3

*21 (N.D. Ill. Oct. 10, 2014) ("the Court finds no reason to deny [defendant] the opportunity to test his affirmative defense on the merits"). Defendant's proposed First Amended Answer provides short and plain statements of Defendant's proposed affirmative defenses that adequately put Plaintiff on notice of the defenses. That is enough, absent circumstances not present here, for justice to require granting leave to amend.

Plaintiff also complains about the language contained in a sentence near the end of Defendant's proposed First Amended Answer, captioned "Reservation of Right." There, Defendant purports to "reserve its right to file such amended Answer(s) and/or additional Affirmative Defense as may be appropriate upon completion of its investigation and discovery." Plaintiff argues that a party cannot "reserve" the right to amend an answer, as only the opposing party's written consent or the Court's leave can allow a party to amend a pleading. Fed. R. Civ. P. 15(a)(2).

Plaintiff is correct that Defendant will not be permitted to file a second amended answer or to add more affirmative defenses without either Plaintiff's written consent or the Court's leave. But nothing in the sentence at issue contradicts that, so the Court sees no reason to strike the sentence under Federal Rule of Civil Procedure 12(f)(1) when the amended answer is filed.

## III. Conclusion

For the reasons above, the Court **GRANTS** Defendant's Renewed Motion for Leave to File First Amended Answer and Affirmative Defenses [DE 23] and **ORDERS** Defendant to file its First Amended Answer and Affirmative Defenses, currently on the docket as an attachment to the instant Motion, on or before **December 28, 2016**.

SO ORDERED this 20th day of December, 2016.

                                              s/ John E. Martin
                                              MAGISTRATE JUDGE JOHN E. MARTIN
                                              UNITED STATES DISTRICT COURT

cc:     All counsel of record
        Plaintiff, *pro se*